LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BERLINDA TAY, *on behalf of herself,*
*FLSA Collective Plaintiffs, and the Class,*

          Plaintiff,

      v.

THE NEW YORK AND PRESBYTERIAN
HOSPITAL,

          Defendant.

---

Case No.:

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff, BERLINDA TAY ("Plaintiff" or "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL ("Defendant") and states as follows:

### INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), she and others similarly situated are entitled to recover from Defendant: (1) unpaid overtime; (2) unpaid wages, including overtime, wages due to time shaving;

(3) unreimbursed costs for purchasing and maintaining uniforms; (4) liquidated damages; and (5) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendant: (1) unpaid overtime; (2) unpaid wages, including overtime, wages due to time shaving; (3) unreimbursed costs for purchasing and maintaining uniforms; (4) statutory penalties; (5) liquidated damages; and (6) attorneys' fees and costs.

3.      Plaintiff further alleges that, pursuant to New York State Human Rights Law N.Y. Exec. Law § 296 ("NYSHRL"), Plaintiff is entitled to recover from Defendants for hostile work environment created by national origin discrimination: (1) back wages; (2) compensatory and punitive damages; and (3) attorneys' fees and costs.

4.      Plaintiff further alleges that, pursuant to New York City Human Rights Law Administrative Code of City of NY § 8-107 ("NYCHRL"), Plaintiff is entitled to recover from Defendants for hostile work environment created by national origin discrimination: (1) back wages; (2) compensatory and punitive damages; and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the events giving rise to this Complaint took place in this District.

## PARTIES

7.      Plaintiff, BERLINDA TAY, is a resident of Westchester County, New York.

8.    Defendant, THE NEW YORK AND PRESBYTERIAN HOSPITAL owns and operate a non-profit organization based in New York State. The organization contains a network of hospitals and medical centers in the state of New York. The hospitals and medical centers are located at:

A.  Columbia University Irving Medical Center – 630 West 168th Street, New York, NY 10032;

B.  Weill Cornell Medical Center – 525 East 68th Street, New York, NY 10065;

C.  Alexandra Cohen Hospital for Women and Newborns – 1283 York Ave,  New York, NY 10065;

D.  Allen Hospital – 5141 Broadway (at 220th Street), New York, NY 10034;

E.  Brooklyn Methodist Hospital – 506 6th Street, Brooklyn, NY 11215;

F.  Center for Community Health - 516 6th Street, Brooklyn, NY 11215;

G.  David H. Koch Center – 1283 York Ave, New York, NY 10065;

H.  Hudson Valley Hospital – 1980 Crompond Road, Cortlandt Manor, NY 10567;

I.  Komansky Children's Hospital – 525 East 68th Street, New York, NY 10065;

J.  Lawrence Hospital – 55 Palmer Avenue (Main Entrance on Pondfield Road West), Bronxville NY 10708;

K.  Lower Manhattan Hospital – 170 William St., New York, NY 10038;

L.  Morgan Stanley Children's Hospital – 3959 Broadway (at 165th Street), New York, NY 10032;

M.  Och Spine Hospital – 5141 Broadway, New York, NY 10034;

N.  Queens – 56-45 Main Street, Flushing, NY 11355; and

O.  Westchester Behavioral Health Center – 21 Bloomingdale Road, White Plains, NY 10605.

(collectively the "Centers").

9.      Defendant, THE NEW YORK AND PRESBYTERIAN HOSPITAL is a domestic not-for-profit corporation organized under the laws of the State of New York with an address for service of process and an address for principal place of business located at 55 Palmer Avenue, Bronxville, NY 10708.

10.     At all relevant times, Defendant was and continues to be an "enterprise engaged in business" within the meaning of the FLSA and NYLL and the Regulations thereunder.

11.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members were directly essential to the business operated by Defendant.

12.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to patient care assistants, nurses, nurse assistants, physician assistants, surgical technicians, medical technicians, and other medical assistants, employed by Defendant at the Centers on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures,

protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper overtime wages at the rate of one-and-one-half times the regular rate of pay, including due to time shaving. In addition, Defendant failed to reimburse the costs of purchasing and maintaining the required uniforms to Plaintiff and other FLSA Collectives. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

15.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ACTION ALLEGATIONS – NEW YORK

16.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of herself and a class of non-exempt employees, including, but not limited to patient care assistants, nurses, nurse assistants, physician assistants, surgical technicians, medical technicians, and other medical assistants, employed by Defendant at the Centers on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17.     **Ascertainable Class:** All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses

are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. 23.

18.     **Numerosity:** The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, there is no doubt that there are more than forty (40) members of the Class.

19.     **Typicality and Commonality:** Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same practices of Defendant as alleged herein of: (i) failing to pay them proper overtime wages; (ii) failing to pay them proper wages, including overtime, due to time shaving, (iii) failing to reimburse Plaintiff and Class members for the cost of purchasing and maintaining their uniforms; and (iv) failing to provide proper wage and hour notices and wage statements, as required. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20.     **Adequacy:** Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21.     **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.     Defendant and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who

are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

       a.    Whether Defendant employed Plaintiff and the Class within the meaning of the NYLL;

       b.    What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay the Class members properly;

       c.    At what common rate, or rates subject to common methods of calculation, was and is Defendant required to pay Plaintiff and Class members for their work;

       d.    Whether Defendant properly notified Plaintiff and the Class members of their regular hourly rate and overtime rate;

       e.    Whether Defendant properly compensated Plaintiff and Class members for all hours worked, including overtime hours;

       f.    Whether Defendant failed to compensate Plaintiff and Class member for all hours worked, due to a policy of time shaving;

       g.    Whether Defendant paid Plaintiff and the Class members the proper overtime wages at a rate that is at least one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) each workweek;

       h.    Whether Defendant reimbursed Plaintiff and Class members for the cost of purchasing and maintaining their uniforms;

i.   Whether Defendant provided to Plaintiff and Class members proper wage and hour notices, at date of hiring and as required thereafter under the NYLL; and

j.   Whether Defendant provided to Plaintiff and Class members proper wage statements with each payment of wages as required by NYLL.

**STATEMENT OF FACTS**

*Plaintiff's Wage Claims*

24.     From in or about June 2015, Plaintiff BERLINDA TAY was hired to work as a nurse assistant at Defendant's New York Presbyterian Lawrence Hospital located at 55 Palmer Avenue, Bronxville NY 10708. Defendant terminated Plaintiff's employment in or around March 4, 2022.

25.     While employed by Defendant, Plaintiff was scheduled to work from 11:00 p.m. to 7:00 a.m., working eight (8) hours per day, five (5) days per week, for a total of approximately forty (40) hours per week. In addition, from the start of her employment until December 31, 2017, on two (2) Saturdays a month, Plaintiff worked an extra shift from 2:30 p.m. to 7:30 a.m. for an additional seventeen (17) hours per week. From in or around January 1, 2018 until the end of her employment, every Saturday, Plaintiff would work an extra shift from 2:30 p.m. to 7:30 a.m. for an additional seventeen (17) hours per week. Class members worked similar hours.

26.     From the start of her employment until June 2019, Plaintiff was compensated at an hourly rate of nineteen dollars ($19.00) per hour and an overtime rate of twenty-eight dollars and fifty cents ($28.50) per hour. From in or around June 2019 until the end of Plaintiff's employment, Plaintiff was compensated at an hourly rate of twenty-two dollars and ninety-six cents ($22.96) per hour and an overtime rate of thirty-four dollars and forty-four cents ($34.44) per hour. Class members were similarly compensated at hourly and overtime rates.

27.     Plaintiff and Class members were not always paid for all overtime hours worked. Plaintiff estimates that she would be missing approximately four (4) hours of overtime pay for each bi-weekly pay period. When Plaintiff complained, she was shut down and told she didn't work those hours. Class members were similarly short overtime pay for each bi-weekly pay period.

28.     Additionally, throughout her employment, Plaintiff also suffered from Defendant's policy of time shaving for causing Plaintiff to work during her one (1) hour meal break daily. At all times, Plaintiff was always so busy that she could never take a free and clear meal break. Therefore, Plaintiff was time shaved one (1) hour for every workday that she worked. All Class members were subject to this automatic meal break deduction, even though they could not take them because they were too busy and working during these breaks. As a result, Plaintiff and Class members did not receive compensation for all hours, including overtime, worked.

29.     At all relevant times, Defendant failed to pay Plaintiff and Class members the proper wages for all hours worked in violation of the NYLL.

30.     Throughout Plaintiff Tay's employment with Defendant, Plaintiff was required to purchase her own medical scrubs. In total, Plaintiff spent two hundred dollars ($200) every six (6) months for scrubs. Plaintiff had to regularly wash her scrubs at home. Similarly, Class members were also similarly not reimbursed by Defendant for the cost of purchasing and maintaining scrubs.

31.     Defendant knowingly and willfully operated their business with a policy of not properly compensating either FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs, and Class members because they were either time shaved or working off the clock.

32.     Defendant knowingly and willfully subjected Plaintiff and Class members to time shaving of hours worked in violation of the FLSA and the NYLL.

10

33.     Defendant knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the NYLL. The wage statements provided to Class members did not accurately state the hours that employees actually worked.

34.     Defendant knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and Class members, at the beginning of employment and annually thereafter, in violation of the NYLL.

35.     Due to these unlawful acts of Defendant, Plaintiff and Class members suffered liquidated damages in an amount not presently ascertainable. In addition, Plaintiff and Class members are entitled to reasonable attorney's fees, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

***Plaintiff's Hostile Work Environment Claims***

36.     Throughout her employment, Plaintiff TAY suffered from Defendants permitting Manager Alcea Fcott-Bontarte to constantly abuse and harass Plaintiff and foster a hostile work environment based on Plaintiff's national origin.

37.     Plaintiff suffered discrimination because she was from Ghana and Manager Alcea Fcott-Bontarte was Jamaican. Manager Alcea Fcott-Bontarte's treatment of Plaintiff was so severe that it was well known at the hospital that anyone who was friendly to Plaintiff was the manager's enemy, and those who were hostile to Plaintiff was the manager's friend.

38.     Manager Alcea Fcott-Bontarte often made comments such as, "I don't like her because she's from Ghana," and "Let's team up and get her fired." Every time Manager Alcea Fcott-Bontarte would see Plaintiff in the hospital, Manager Alcea Fcott-Bontarte would yell and scream at Plaintiff and tell her she was doing something wrong even when this was not the case.

39.     Throughout Plaintiff's employment, Defendant discriminated and only assigned to Plaintiff tasks no one else want to do, including taking blood pressure and packing ice. If Plaintiff complained or declined to do these tasks, she would get in trouble.

40.     Plaintiff complained to HR and the union many times about the above discrimination, but nothing was done. Plaintiff was ultimately fired by Manager Alcea Fcott-Bontarte because she did not like Plaintiff because she was from Ghana.

41.     As a result of the above discrimination, Plaintiff suffered extreme mental anguish and found it difficult to carry out her normal routines.

42.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

43.     Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

44.     At all relevant times, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45.     At all relevant times, Defendant employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

46.     At all relevant times, Defendant had gross annual revenues in excess of $500,000.

47.     At all relevant times, Defendant had a policy and practice of failing to pay overtime wages to Plaintiff and FLSA Collective Plaintiffs for hours worked in excess of forty (40) per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay due to time shaving.

48.     At all relevant times, Defendant willfully failed to reimburse Plaintiff and FLSA Collective Plaintiffs for the cost of purchasing and maintaining their uniforms, which resulted in them incurring additional damages on top of not being properly compensated for all hours they worked.

49.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50.     Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendant knew or should have known such was due.

51.     Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

52.     As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

53.     Due to the intentional, willful and unlawful acts of Defendant, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages; unpaid wages, including overtime, due to time shaving; unreimbursed costs for purchasing and maintaining uniforms; plus an equal amount as liquidated damages.

54.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**<u>VIOLATION OF THE NEW YORK LABOR LAW</u>**

55.     Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

56.     At all relevant times, Plaintiff and Class members were employed by the Defendant within the meaning of the NYLL, §§2 and 651.

57.     Defendant knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay due to time shaving, in violation of the NYLL.

58.     Defendant also willfully violated Plaintiff's and the Class members' rights by failing to reimburse them for the cost of purchasing and maintaining their uniforms, as required by the NYLL.

59.     Defendant knowingly and willfully failed to provide wage and hour notices to Plaintiff and Class members, as required by NYLL § 195(1).

60.     Defendant knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by NYLL § 195(3).

14

61.     Due to the Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant her unpaid overtime wages; unpaid wages, including overtime, due to a policy of time shaving; unreimbursed costs for purchasing and maintaining uniforms; statutory penalties; reasonable attorney's fees; and costs and disbursements of the action.

**COUNT III**

**HOSTILE WORK ENVIRONMENT NATIONAL ORIGIN DISCRIMINATION IN**

**VIOLATION OF THE**

**NEW YORK STATE HUMAN RIGHTS LAW**

**(New York State Executive Law § 296 *et seq*.)**

62.     Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

63.      The New York State Human Rights Law ("NYSHRL") prohibits discrimination in the terms conditions, and privileges of employment, and the retaliation therefor, on the basis of an individual's national origin.

64.      Plaintiff is an employee and a qualified person within the meaning of the NYSHRL and Defendants are covered employees under the NYSHRL. Plaintiff is from Ghana.

65.     Defendants operated a business that discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to a hostile work environment, in the form of failing to address the constant harassment and abuse made against Plaintiff on the basis of her national origin by Manager Alcea Fcott-Bontarte.

66.     Plaintiff was constantly picked on by Manager Alcea Fcott-Bontarte, and assigned tasks no one else want to do, including taking blood pressure and packing ice. If Plaintiff complained or declined to do these tasks, she would get in trouble.

67.     As a result of Defendants' unlawful employment practices, Plaintiff sustained

15

injury, including economic damages, the past and future physical and emotion distress, and costs of bringing this action.

68.     Due to Defendants' violation under the NYSHRL, Plaintiff is entitled to recover from Defendants: (1) back wages; (2) compensatory and punitive damages; and (3) attorneys' fees and costs.

**COUNT IV**

**HOSTILE WORK ENVIRONMENT RACIAL DISCRIMINATION IN VIOLATION OF
NEW YORK CITY HUMAN RIGHTS LAW**

69.     Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

70.     The New York City Human Right Law ("NYCHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of an individual's national origin.

71.     Defendants have and have had at all relevant times herein, at least four (4) persons in their employment. Plaintiff is an employee and a qualified person within the meaning of the NYCHRL and Defendants are covered employees under the NYCHRL. At all relevant times, Plaintiff from Ghana.

72.     Defendants operated a business that discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to a hostile work environment, in the form of failing to address the constant harassment and abuse made against Plaintiff on the basis of her national origin by Manager Alcea Fcott-Bontarte.

73.     Plaintiff was constantly picked on by Manager Alcea Fcott-Bontarte, and assigned tasks no one else want to do, including taking blood pressure and packing ice. If Plaintiff complained or declined to do these tasks, she would get in trouble.

16

74.     As a result of Defendants' unlawful employment practices, Plaintiff sustained injury, including economic damages, the past and future physical and emotion distress, and costs of bringing this action.

75.     Due to Defendants' violation under the NYCHRL, Plaintiff is entitled to recover from Defendants: (1) back wages; (2) compensatory and punitive damages; and (3) attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and Class members, respectfully requests that this Court grant the following relief:

a)  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, NYSHRL, and NYCHRL;

b)  An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c)  An award of unpaid overtime wages;

d)  An award of unpaid wages, including overtime compensation at the proper rate of one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) per workweek, due to time shaving due under the FLSA and NYLL;

e)  An award of unpaid wages due to Defendant's failure to reimburse for the cost for purchasing and maintaining their uniforms under FLSA and NYLL;

f)  An award of statutory penalties as a result of Defendant's failure to comply with the NYLL wage notice and wage statement requirements;

g)  An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for overtime wage, pursuant to the FLSA and/or NYLL;

h)  An award of back pay, front pay, and compensatory damages due under the NYSHRL and NYCHRL;

i)  An award of punitive damages under the NYSHRL and NYCHRL;

j)  An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

k)  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l)  Designation of this action as a class action pursuant to F.R.C.P. 23;

m) Designation of Plaintiff as Representative of the Class; and

n)  Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury .

Dated: September 30, 2022

Respectfully submitted,

By:     */s/ C.K. Lee*_____
C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*