# LEE LITIGATION GROUP, PLLC

148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: **212-465-1188**
FAX: **212-465-1181**
INFO@LEELITIGATION.COM

WRITER'S DIRECT: (212) 465-1188
cklee@leelitigation.com

January 19, 2024

**Via ECF**
The Honorable Kenneth M. Karas, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

                Re:    *Tay v. The New York and Presbyterian Hospital*
                       Case No.: 7:22-cv-08379-KMK-VR

Dear Judge Karas:

      We are counsel to Plaintiff Berlinda Tay ("Plaintiff"). We write pursuant Rules IC and IIB of Your Honor's Individual Rules and Practices to request: (i) to stay the discovery deadline with regard to depositions, and (ii) for an extension to the page limit on Plaintiff's anticipated Motion for Conditional Collective Certification. Counsel for the parties have conferred and Defendant does not oppose Plaintiff's request to stay the deadline for depositions and has agreed to a mutual extension of 10 pages on Plaintiff's anticipated motion Conditional Collective Certification.

## Depositions:

      Per Your Honor's Order, dated December 31, 2023, the deadline was extended until January 31, 2024 for the completion of fact discovery and for Defendant to complete all production of class-wide pay and time records. As of today, the parties have conducted some but not all depositions, and various outstanding depositions have been scheduled to occur in January. The scheduled depositions are:

- Debbie Alicea - January 26, 2024 at 10 am
- Laurie Walsh - January 26, 2024 at 2 pm
- Diana Marsh Foster – January 30, 2024 at 1:30 pm
- Althea Scott-Bonaparte – January 29, 2024 at 3 pm
- Stacie Williams – January 31, 2024 at 11 am (remote)

      Plaintiff respectfully requests to stay the deadline for completion of depositions and adjourn those listed above for two reasons. First, because despite the January 31st deadline for completion of discovery, Defendant still has not produced the outstanding ESI. At the January 3, 2024 status conference, Defendant advised Magistrate Judge Reznik that the outstanding ESI would be produced on a rolling basis and completed by the fact discovery deadline. To date, significant ESI remains outstanding. Plaintiff has only received approximately 70 pages of the several tens of thousands of relevant documents from Defendants' Hit Reports. Plaintiff will need

time to review this ESI to use at deposition and will also need to confer with Defendant should any deficiencies or disputes arise as to the ESI to be produced.

Second, should the Court grant Plaintiff Conditional Collective Certification, additional discovery would be necessary for any opt-in claimants. Per the Court's Order, dated December 1, 2023, Plaintiff's motion is due by February 1, 2024, with Defendant's opposition due March 1, 2024, and Plaintiff's reply due March 15, 2024. In the event the collective is not granted, then no further discovery would be needed. We would simply like to preserve our right to depose the scheduled witnesses at a later date should the collective be granted.

In a status conference with Magistrate Judge Reznik, she also indicated that discovery may likely be reopened if the conditional collective motion were granted. Of course, Plaintiff is prepared to proceed with the scheduled depositions should the Court preclude all discovery after January 31, 2024 irrespective of the determination on the impending conditional collective motion.

On January 19, 2024, the parties met and conferred via zoom regarding the above request. Defendant does not oppose Plaintiff's request. Your Honor previously extended the fact discovery deadline from December 31, 2023 until January 31, 2024. Dkt. No. 69, dated December 1, 2023. This is Plaintiff's first request for a stay of any deadlines in this matter.

**Plaintiff's 216(b) Motion:**

The parties have mutually agreed to an extension of 10 pages for the memorandum of law in support of and in opposition to Plaintiff's Motion for Conditional Collective Certification. Pursuant to Rule IIB of Your Honor's Individual Rules and Practices, Plaintiff respectfully requests that Your Honor grant this extension to the page limit. Plaintiff also respectfully requests a 5 page extension on her reply.

To date, Defendant has produced several thousand pages of discovery for Plaintiff and over 300 putative class members covering 8 hospitals.

The magnitude of this matter requires Plaintiff to analytically and methodically delineate to the Court the policies and wage practices warranting collective conditional certification.

\* \* \*

We thank the Court for Its attention to this matter.

Respectfully submitted,

/s/ C.K. Lee
C.K. Lee, Esq.

cc: all parties via ECF

Both requests are granted.

So Ordered.
1/19/24

2